Filed 7/17/25  P. v. Webber CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B342924 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA097132) |
| v. | |
| GARRETT EVANS WEBBER, | |
| Defendant and Appellant. | |

THE COURT:

Early one morning, victim Jane Doe (aged 13) was walking to school. Suddenly and without warning, defendant Garrett Evans Webber approached her from behind, pulled out a semi-automatic handgun, and pointed it at her head. He placed his arm around her shoulder and pulled her toward a vehicle parked along the sidewalk. Webber told her, "Get inside the car!" Jane Doe feared she would be shot or killed if she did not get in and told Webber, "I'm sorry! I'm sorry for whatever I did!" She attempted to pull away from Webber and yelled for help. Some people passing by stopped and assisted her, causing Webber to release her.

Following his arrest, Webber was charged with two counts: count 1 was for attempted kidnapping of a victim under 14 with an allegation that he personally used a firearm (Pen. Code,[1] §§ 664/207, subd. (a), § 12022.53, subd. (b)); and count 2 was for assault with a semi-automatic firearm, with an allegation that he personally used the firearm (§ 245, subd. (b), § 12022.5).

In November 2018, Webber pled no contest to the charges in count 1 and admitted the firearm use allegation. He was sentenced to the midterm of four years for the attempted kidnapping, plus 10 years for the firearm enhancement. The court dismissed count 2 in furtherance of justice. (§ 1385.)

In 2024, Webber filed a petition for resentencing under section 1172.1, subdivision (a), as had recently been amended by Assembly Bill No. 600 (2023–2024 Reg. Sess.) to expand resentencing rights arising from ameliorative changes to applicable law. (Stats. 2023, ch. 446, § 2.) The trial court ruled on the petition as follows: "The Court has read and considered the request received from Petitioner, filed by Petitioner's attorney October 17, 2024. Under [section] 1172.1, a judge may recall and resentence a defendant on the court's own motion, or upon request from the Secretary of the [California Department of Corrections and Rehabilitation], the Board of Parole Hearings, the county correctional administrator, the district attorney, or Attorney General. Pursuant to [section] 1172.1[,] [subdivision] (c), '[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond.' Accordingly, the court will take no further action on the petition. Clerk to give notice to defendant."

Webber filed a timely notice of appeal. At his request, this court appointed counsel to represent him. Appellate counsel filed a brief

---

[1]     Undesignated statutory references are to the Penal Code.

under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), raising no appealable issues. Thereafter, Webber filed a letter asking this court to "review my AB600 petition and see if I qualify for relief."

Section 1172.1 is an exception to the general rule that " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.) Resentencing under the statute "may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case" (§ 1172.1, subd. (a)(1)), either on the court's own motion or upon the recommendation of "the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, a district attorney, or the Attorney General." (*Id*., subd. (b).) The statute both denies defendants the right to request resentencing thereunder and excuses the trial court from acting on such a request: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (*Id*., subd. (c).)

In criminal cases, the right to appeal is governed by section 1237. This statute authorizes appeals from a final judgment of conviction (*id*., subd. (a)), and from "any order made after judgment, affecting the substantial rights of the party" (*id*., subd. (b)).

We recently addressed a similar set of circumstances in *People v. Hodge* (2024) 107 Cal.App.5th 985. Hodge, while serving a sentence for battery and assault with a deadly weapon, filed a request for resentencing under section 1172.1. In response, the trial court entered an order stating " '[t]he court respectfully declines to exercise its discretion to recall Mr. Hodge's sentence.' " (*Hodge*, at p. 991.) On appeal, although we concluded that the court's response to Hodge's request for resentencing was an "order," we held it was not appealable

3

under section 1237, subdivision (b), because "a trial court's order declining to exercise its discretion under section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights under section 1237, subdivision (b)." (*Hodge,* at p. 999.)

Our review of the record discloses no basis on which to distinguish *Hodge* from this case. Because the trial court lacked jurisdiction to rule on Webber's resentencing motion, the order declining to initiate resentencing did not affect Webber's substantial rights and is not an appealable postjudgment order. Therefore, Webber's appeal must be dismissed.[2]

The appeal is dismissed.

_____

LUI, P. J.                    CHAVEZ, J.            RICHARDSON, J.

_____

[2]    Even if the trial court's order were appealable, the result would be the same. Because the instant appeal is not from his conviction, Webber is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo, supra,* 14 Cal.5th at p. 226 ["the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief"].) Since Webber has not provided any arguments for us to consider, the appeal may be dismissed as abandoned. (*Delgadillo*, at p. 232.)

4